UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 06-310 (ADM-JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Osvaldo Flores-Velasquez, (02)** <br> **Norberto Velazquez-Cabellero, (04)** <br> **Victor Arturo Medina-Velazquez, (05)** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on October 19, 2006, on the pretrial motions of defendants. The Government was represented by Andrew Winter, Assistant United States Attorney. Mr. Flores-Velasquez (Flores) was present and represented by Lee R. Johnson, Esq. Mr. Velazquez-Cabellero (Velazquez) was present and represented by Leon Trawick, Esq. Mr. Medina-Velazquez (Medina) was present and represented by Robert Kolstad, Esq. This case is scheduled to be tried before U.S. District Court Judge Ann D. Montgomery and has been referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).

## I. INTRODUCTION

On September 19, 2006, Defendants were named in a one-count indictment, along with two other defendants, charging them with Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The defendants listed above

filed pretrial motions. One witness testified for the Government at the hearing: DEA Special Agent Shelly Howe. Nine exhibits were marked and admitted by the Court for the purposes of the hearing.

Both parties argued their respective positions at the motions hearing. The Court addresses the parties' dispositive motions in this Report and Recommendation. Defendants' non-dispositive motions are addressed in a separate Order. The only dispositive motion for which there remains a dispute is the same motion filed by each defendant to Suppress Contents of Intercepted Wire and Oral Communications (Docs. # 62, 66, 94).

## II. FINDINGS OF FACT

1. Special Agent Shelly Howe (Howe) has been a DEA agent for over three years.

2. In August of 2005 the DEA in Atlanta began investigating a large drug operation with cells from Texas to New York.

3. In June of 2006, the Atlanta DEA agents received authorization to intercept communications on several target phone numbers. During the authorized wire intercept in Atlanta, one of the main suspects talked several times on the phone with a person in Minneapolis (Target telephone #1), which appeared to be conversations about drug deals.

4. Atlanta and Minneapolis DEA agents continued their investigations through pen registers and trap/trace devices.

5. On August 7, 2006, the Minneapolis DEA, through SA Howe, obtained authorization from the Honorable Donovan W. Frank, District Court Judge for the District of Minnesota, to commence a wire tap on the Minneapolis numbers that showed up in the Atlanta wire investigation.

6. Included in the application is paragraph #35, which states:

> There are several conventional investigative techniques commonly used in conducting investigations of individuals involved in drug distribution. The techniques used in this investigation to date, such as surveillance, record checks, informant interviews, pen registers, search warrants, analysis of telephone toll records, drug seizures, etc. have not provided information sufficiently specific as to the conduct, participation, and scope of the conspiracy to obtain a criminal indictment or convictions for all of the co-conspirators in the investigation . . . . The investigative techniques discussed below, which are usually employed in an investigation of this nature, have been tried and failed: reasonably appear unlikely to succeed if continued or tried; or would be too dangerous to employ.

7. The application then goes on to describe specific investigative techniques and why they have not or will not suffice in this case. (Gov. Ex.#1, para. 36-51.)

8. At the motions hearing, Howe admitted under cross-examination that not every investigative technique listed in paragraph #35 was performed in Minnesota. In essence, the Minnesota DEA was relying on the investigation of their fellow Atlanta DEA agents.

9. The wire resulted in the identification of suspects, statements caught on tape regarding drug dealing, search warrants, drug seizures and the arrests of the five defendants in this case.

### III. DISCUSSION

The dispute in this case is whether evidence obtained pursuant to the wire intercept should be suppressed, because the application was misleading regarding the necessity of the wire. In other words, had law enforcement really performed the investigative techniques they said they did in paragraph #35, enough information could have been gathered to make the wire unnecessary. In the alternative, the application should have more accurately stated what law enforcement did or did not do in this case before the wire was requested.

An application under Title III must include, among other things, a full and complete statement of whether other investigative procedures have been tried and have failed *or* why they appear unlikely to succeed or are too dangerous. 18 U.S.C. § 2518(1)(c). This requirement is often referred to as the "necessity requirement." See *U.S. v. Kahn*, 415 U.S. 143, 153 n.12 (1974). The statements about investigative techniques must be specific and not conclusory. *U.S. v. Jackson*, 345 F.3d 638, 644-45 (8th Cir. 2003). Title III allows an aggrieved party to move to suppress the contents of intercepted communications if the application authorizing the surveillance was insufficient. 18 U.S.C. § 2518(10)(a)(i), (ii); *U.S. v. Moore*, 41 F.3d 370, 374-75 (8th Cir. 1994).

When considering whether an application under Title III is sufficient, the same standards are used as for conventional search warrants. *U.S. v. Falls*, 34 F.3d 674, 680-81 (8th Cir. 1994). So a defendant may challenge the validity of the application when a preliminary showing is made that a false statement was included in the warrant knowingly and intentionally or with reckless disregard for the truth, and a hearing must be held if the court finds the challenged statement was necessary to support the application. *Franks v. Delaware*, 438 U.S. 154 (1978); *U.S. v. Frazier*, 280 F.3d 835, 845-46 (8th Cir. 2002).

None of the defendants moved for a *Franks* hearing, but there was no objection to the cross-examination on the accuracy of the "necessity requirement" in Howe's application. She conceded that some of the investigative techniques mentioned in paragraph #35 were not used in this case, and that the language was boilerplate. The rest of the application, however, provided ample information on why the wire was necessary, adequately explaining why other investigative techniques would not be feasible or too dangerous.

Even assuming that a *Franks* analysis was warranted, paragraph #35 is not necessary to support the application. The remainder of the application offers a particularized description of the necessity for a wiretap and meets the requirements of Title III. *See U.S. v. Nguyen*, 46 F.3d 781, 782-83 (8th Cir. 1995). So further hearing or suppression of evidence is not warranted.

## IV. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the Defendants' motions to Suppress Contents of Intercepted Wire and Oral Communications (Docs. # 62, 66, 94) be **DENIED.**

Dated this 1st day of November, 2006.              s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by November 22, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the district court judge is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.