UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Osvaldo Flores-Velasquez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 06-310 (2) ADM/JJG

_____

Andrew R. Winter, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Lee R. Johnson, Esq., Johnson & Greenberg, PLLP, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Osvaldo Flores-Velasquez's ("Defendant") Objections [Docket No. 131] to Magistrate Judge Jeanne J. Graham's November 2, 2006 Report and Recommendation ("R&R") [Docket No. 123]. For the reasons set forth below, the Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Defendant's present Objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Defendant objects that the government's wiretap was not necessary because the government was able to discover the location of targeted parties and premises through the use of triangulation.  Triangulation enables police to use cell phone transmission to determine the location of the person using the cell phone.  Defendant argues that through the success of triangulation, the government could have used traditional, less intrusive police methods, such as surveillance, rather than applying for a wiretap at the initial stages of its investigation.

The "necessity" requirement of 18 U.S.C. § 2518(1)(c) states that each application for a wire must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  "The necessity requirement of § 2518 insures that wiretaps are not routinely employed as the initial step in an investigation."  United States v. Jackson, 345 F.3d 638, 644 (8th Cir. 2003).  In her R&R, Judge Graham notes that although some of the language in paragraph #35 of the application was not accurate, the rest of the application adequately explained why the other investigative techniques would not be feasible or too dangerous.  Therefore, paragraph #35 was not necessary to support the application, and the remainder of the application satisfied the necessity requirement.

Defendant's argument that the government should have first used triangulation and surveillance prior to applying for a wiretap is unconvincing.  The government adequately explained in its application for a wiretap why other investigative procedures would be unlikely to succeed or too dangerous.  Accordingly, the necessity requirement is satisfied, and Defendant's Motion to Suppress is denied.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 123] is **ADOPTED**;

2. Defendant's Objections [Docket No. 131] are **OVERRULED**;

3. Defendant's Motion to Suppress Contents of Intercepted Wire and Oral Communications [Docket No. 66] is **DENIED**.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 8, 2006.