# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,                   **MEMORANDUM OPINION AND ORDER**

v.                                       Criminal No. 06-310(02) ADM/JJG
                                            Civil No. 08-4792 ADM

Osvaldo Flores-Velasquez,

        Defendant.

---

Osvaldo Flores-Velasquez, *pro se*.

Andrew R. Winter, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Osvaldo Flores-Velasquez's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 197].[1]  Defendant claims he was provided ineffective assistance of counsel.  For the reasons set forth herein, Defendant's § 2255 Motion is denied

## II. BACKGROUND

On April 10, 2007, Defendant pleaded guilty to the charge of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  At a sentencing hearing on July 2, 2007, Defendant indicated to the Court that he believed he was innocent and he expressed reservations about his decision to plead

---

[1] Unless otherwise specified, all docket references are to Criminal No. 06-310(02) ADM/JJG.

guilty. Sentencing Hr'g Tr. [Docket No. 206] 10:18-14:16, Jul. 2, 2007. The Court continued sentencing to allow Defendant to consult with his attorney and to decide whether or not to file a motion to withdraw the guilty plea. Id. 16:3-11. On July 31, 2007, a second sentencing hearing was held. The Court confirmed that Defendant had conferred with his attorney, that he had decided not to move to withdraw his guilty plea, and that he was ready to be sentenced. Sentencing Hr'g Tr. [Docket No. 207] 4:1-10, 7:10-15, Jul. 31, 2007. Defendant was then sentenced to 210 months' imprisonment, to be followed by five years of supervised release. Judgment [Docket No. 186]. The Court informed Defendant that he had the right to appeal but that a notice of appeal would have to be filed no later than ten days after the July 31 sentencing hearing and that a failure to file a timely notice of appeal would result in Defendant waiving the right to appeal. Id. 9:3-10. On July 28, 2008, Defendant filed the instant section 2255 Motion.

### III. DISCUSSION

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

In support of his request for section 2255 relief, Defendant claims that his attorney failed to file a notice of appeal and that this failure amounted to ineffective assistance of counsel. An attorney who fails to file an appeal after being instructed by his client to do so constitutes ineffective assistance of counsel for purposes of a section 2255 motion, and a defendant need not show actual prejudice or likelihood of success on appeal to prevail on such a claim. Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002); Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). A defendant must, however, establish that "he made his desire to appeal evident to his attorney." Yodprasit, 294 F.3d at 969. A bare assertion by a defendant that he requested his attorney to file an appeal is not itself sufficient to support a grant of relief under section 2255. Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003).

Defendant concedes that he did not instruct his attorney to file a notice of appeal. He maintains, however, that because he "never told [his attorney] not to file a notice of appeal," the attorney's failure to do so constitutes ineffective assistance of counsel. Mot. to Vacate at 2. Defendant's attorney submitted an affidavit declaring that Defendant never asked him to file a notice of appeal and that, in fact, Defendant "specifically and repeatedly instructed me not to file a notice of appeal on his behalf." Aff. of Counsel [Docket No. 210] ¶ 1. On August 3, 2007, the attorney sent a letter to Defendant informing him that he would file a notice of appeal unless Defendant instructed him by August 8, 2007, not to do so. Id. ¶ 3; Ex. 2 Attach. to Government's Response [Docket No. 211] at 2. Between August 3 and August 8, however, Defendant called his attorney's office and was "very emphatic" that he not file a notice of appeal on Defendant's behalf. Aff. of Counsel ¶ 6. A letter from the attorney dated August 8, 2007, confirms that Defendant had orally instructed that the attorney not file a notice of appeal and

3

corroborates the attorney's affidavit.  Ex. 2 Attach. To Government's Response at 1.  In the face of such evidence,[2] Defendant's bare assertion that he never instructed his attorney to not file a notice of appeal is insufficient to warrant an evidentiary hearing.  See Rodriquez v. United States, 964 F.2d 840, 840-42 (8th Cir. 1992) (per curiam) (affirming the denial of a section 2255 motion without an evidentiary hearing because the bare assertion that an appeal was requested was "plainly inadequate" in the face of an affidavit by the defendant's attorney, which was corroborated by a letter, denying that the defendant asked the attorney to file an appeal); Holloway, 960 F.2d at 1357-58 (holding that a "single, self-serving, self-contradicting statement" by a defendant that he requested an appeal was insufficient to render inconclusive the question of whether such an appeal was requested)

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Osvaldo Flores-Velasquez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 197] is **DENIED**.

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 30, 2008.

---

[2] Although the United States neglected to include the affidavit by the attorney as well as the August 3 and August 7 letters in the response to Defendant's motion, those documents have since been filed with the Court and are attached to this order.