UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Osvaldo Flores-Velasquez,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 06-310(02) ADM/JJG
Civil No. 08-4792 ADM

_____

Osvaldo Flores-Velasquez, pro se.

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Osvaldo Flores-Velasquez's ("Defendant") Notice of Appeal Concomitant with Motion to Enlarge Filing Time and Assignment of Counsel [Docket No. 215] ("Motion").[1] For the reasons set forth herein, Defendant's Motion is denied

## II. BACKGROUND

After pleading guilty to the charge of conspiracy to distribute and possess with intent to distribute methamphetamine, Defendant was sentenced on July 31, 2007, to a term of imprisonment of 210 months, to be followed by five years of supervised release. Judgment [Docket No. 186]. Defendant did not file a direct appeal of his conviction and sentence. On July 28, 2008, Defendant timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 197]. The Court denied the § 2255 Motion on October 30, 2008

---

[1] All docket references are to Criminal No. 06-310(02) ADM/JJG.

[Docket No. 212], ruling that Defendant's bare assertion that he never instructed his attorney not to file a notice of appeal—the basis for Defendant's ineffective assistance of counsel claim—was, in the face of contrary evidence, insufficient to warrant an evidentiary hearing. October 30, 2008 Order at 4. Defendant did not appeal the October 30, 2008 Order. On July 2, 2009, Defendant filed the Motion currently before the Court, which Defendant captioned as a "Notice of Appeal Concomitant with Motion to Enlarge Filing Time and Assignment of Counsel."

### III. DISCUSSION

In his Motion, Defendant asserts that he is seeking to appeal his "conviction and sentence entered on July 31, 2007." Motion at 1. As relief, Defendant requests that the Court "toll the appropriate statute(s), allow [Defendant] the privilege of appeal and appoint competent counsel, or in the alternative, order an evidentiary hearing to determine the same." Motion at 3-4. The prosecution argues that Defendant's Motion is untimely regardless of whether it is an appeal of his conviction and sentence or an appeal of the October 30, 2008 denial of his § 2255 Motion. The Court agrees.

Rule 4(b) of the Federal Rules of Appellate Procedure governs the time for filing a notice of appeal in a criminal case and provides that "a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). A district court is authorized to extend the time for filing a notice of appeal, but only "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). But such an extension may not exceed 30 days from the expiration of the 10 days otherwise prescribed by

Rule 4(b). Id. In this case, judgment was entered on August 2, 2007. Defendant filed the current Motion requesting an extension of the time to file a notice of appeal 23 months later, well beyond the extension period authorized by Rule 4(b)(4).

To the extent that Defendant's Motion could be viewed as requesting an extension of time to appeal the October 30, 2008 Order denying relief under § 2255, the Motion still is untimely. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. These rules do not extend the time to appeal the original judgment of conviction." Rule 4(a) provides that "[w]hen the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). A district court may extend the time to file a notice of appeal if a party moves for such an extension no later than thirty days after the time for filing an appeal has expired, but only if the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The Court's order denying Defendant's § 2255 Motion was entered on October 30, 2008, and the time to appeal expired 60 days later, on December 29, 2008. Fed. R. App. P. 4(a)(1)(B). Accordingly, Defendant had until January 28, 2009, to request an extension under Rule 4(a)(5)(A), and his Motion, filed on July 2, 2009, is more than five months too late.[2]

---

[2] A district court also is authorized to reopen the time for appeal, but only if the moving party did not receive notice of the entry of the judgment or order sought to be appealed, no party would be prejudiced by reopening the time for appeal, and the motion to reopen is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry of judgment, whichever is earlier. Fed. R. App. P. 4(a)(6). Ignoring for the moment the other conditions that must be met to reopen the time for appeal under Rule 4(a)(6), Defendant filed his Motion after the 180-day time limit established by Rule 4(a)(6)(B).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Osvaldo Flores-Velasquez's Notice of Appeal Concomitant with Motion to Enlarge Filing Time and Assignment of Counsel [Docket No. 215] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 18, 2009.