UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

               Plaintiff,               **MEMORANDUM OPINION
AND ORDER**
v.                                          Criminal No. 06-310(2) ADM/JJG

Osvaldo Flores-Velasquez,

               Defendant.

_____

Andrew Dunne, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Osvaldo Flores-Velasquez, pro se.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Osvaldo Flores-Velasquez's ("Flores-Velasquez") Motion to Reduce Sentence [Docket No. 267].  Flores-Velasquez argues that when the Court granted his previous Motion to Reduce Sentence [Docket No. 259], it incorrectly resentenced him under a higher criminal history category, resulting in an elevated sentence.  The Government opposes the Motion, arguing that the Court properly determined Flores-Velasquez's guideline range when it resentenced him, and the Court is not authorized to impose a sentence below his reduced 188 month sentence.  For the reasons set forth below, Flores-Velasquez's motion is denied.

## II.  BACKGROUND

On April 10, 2007, Flores-Velasquez pled guilty to the charge of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  See Min. Entry [Docket No. 161].  At his July 31, 2007 sentencing,

Flores-Velasquez was found to have an offense level of 36 and a criminal history level of III, which placed his guideline range at 235 to 293 months imprisonment. Tr. [Docket No. 207] 5:16–6:20. The Court, however, determined that Flores-Velasquez's criminal history was overstated and adjusted his criminal history to level II, as authorized under U.S.S.G. § 4A1.3(b). Id. at 6:9–13. With this adjustment, Flores-Velasquez's guideline range of imprisonment was reduced to 210 to 262 months. The Court then sentenced Flores-Velasquez to 210 months imprisonment. See Sentencing J. [Docket No. 186].

On October 11, 2016, Flores-Velasquez filed a Motion to Reduce Sentence [Docket No. 259] under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which lowered the drug quantity base offense levels set forth in the Sentencing Guidelines for certain drug offenses. This motion was granted, and Flores-Velasquez's sentence was reduced to 188 months imprisonment, the low end of his adjusted guideline range of imprisonment. See Order [Docket No. 261].

On November 22, 2016, Flores-Velasquez again moved for a sentence reduction. See Mot. Reduce Sentence [Docket No. 264]. Flores-Velasquez argued that when he was originally sentenced, he was adjudged to have a criminal history category level II, but when his offense level was lowered by two levels, he was given a new sentence based on a criminal history category level III. On December 2, 2016, the Court denied this motion, concluding that Flores-Velasquez was properly assigned a criminal history level III, not II, when his sentence was reduced in October, 2016. See Order [Docket No. 266].

Flores-Velasquez again moves for a sentence reduction, raising the same argument—that he should have been resentenced with a criminal history level of II rather than III. In support,

Flores-Velasquez attaches the portion of the sentencing transcript where the Court reduced his criminal history level from III to II based on a finding of overstated criminal history.

The Government opposes Flores-Velasquez's motion, arguing that a variance under § 4A1.3 departs from the applicable guideline range. Since Flores-Velasquez was adjudged to have a criminal history level III, pursuant to § 1B1.10(b)(2)(A), the Court is restrained from imposing a sentence below 188 months.

### III.  DISCUSSION

In relevant part, § 3582(c)(2) provides that a court "may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." Section 1B1.10(b)(2)(A) of the Federal Sentencing Guidelines (the "Guidelines") provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." The "amended guideline range" is the "guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." Id. § 1B1.10(b)(1).

At sentencing, the Court determined that Flores-Velasquez's criminal history category was III, and that his base offense level was 36. See id. § 2D1.1. This determination yielded a Guidelines range of 235-293 months. However, the Court determined that Flores-Velasquez's criminal history was overstated and, pursuant to U.S.S.G. § 4A1.3(b), reduced his criminal history category to level II, which lowered his Guidelines range to 210-262. On October 12,

2016, when Flores-Velasquez's first sentence reduction motion under Amendment 782 was granted, the Court reduced his sentence to the low end of the Guidelines range under a criminal-history category III, not II.

The pivotal question to this Motion is whether the amended guideline range is determined before or after a departure under § 4A1.3(b). In United States v. Montanez, 717 F.3d 287, 292 (2d Cir. 2013), the Second Circuit explained that "a court does not depart under § 4A1.3 when calculating a defendant's applicable guideline range, but instead departs from the applicable guideline range under § 4A1.3 after having calculated that range. Consequently, the 'amended guideline range' . . . does not incorporate any departure a court previously granted under § 4A1.3." See also United States v. Erskine, 717 F.3d 131, 137 n.6 (2d Cir. 2013) (noting that § 1B1.10 "does not permit a district court to apply a previous variance or departure to sentence outside the reduced Guidelines range unless the defendant previously received a downward departure based on substantial assistance to the Government"); United States v. Flemming, 723 F.3d 407, 412 (3d Cir. 2013) ("[A]lthough a sentencing court may calculate the guidelines range the defendant is sentenced under after considering departures and variances, the Guidelines now make clear that this final determination of the defendant's range is not the 'applicable guideline range' that courts may consider in evaluating a sentence reduction motion.")  This is reflected in the comments to the Guidelines:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.

U.S.S.G. § 1B1.10 cmt. n.1(A) (2016).

Consistent with that understanding, Flores-Velasquez's "applicable guideline range" is determined before a criminal history departure under § 4A1.3.  Thus, Flores-Velasquez's applicable guideline range after the two point offense level reduction under Amendment 782 is 188-235 months.  Since relief under 18 U.S.C. § 3582(c)(2) is limited to the low end of the "applicable guideline range," the Court is not permitted to impose a sentence below 188 months.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Osvaldo Flores-Velasquez's Motion to Reduce Sentence [Docket No. 267] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 8, 2017.